**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

JOHN K. SHERWOOD                                                                              (973) 645-4693
BANKRUPTCY JUDGE                                                                          Fax: (973) 645-2606

**NOT FOR PUBLICATION**

FILED
JAMES J. WALDRON, CLERK
**AUG. 18, 2015**
U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

August 18, 2015

Fitzgerald & Associates, P.C.
Jill Manzo, Esq.
649 Newark Avenue
Jersey City, New Jersey 07306
Attorneys for the Debtors

James C. Bender & Associates
James C. Bender, Esq.
29 Columbia Turnpike
Suite 302
Florham Park, New Jersey 07932
Attorneys for Creditor, Garden State OMS

Re:   **Carlos V. Andrade & Mariella Nunez-Andrade**
      **Case No. 13-22850 (TBA)**

Dear Counsel:

Before the Court is a *Motion to Reopen Chapter 7 Case to Enforce the Injunction Against Collecting on Discharged Debts; and for Legal Fees and Costs and Sanctions* ("Motion to Reopen"), filed by Carlos and Mariella Andrade ("Debtors")[1] by and through their counsel, Fitzgerald & Associates, P.C., against Garden State OMS ("OMS") and its counsel James C.

---

[1] Herein, Carlos Andrade is referred to as "Debtor Husband" and Mariella Andrade is referred to as "Debtor Wife."

Page 2
August 18, 2015

Bender & Associates ("Law Firm") for an alleged violation of the discharge injunction under 11 U.S.C. § 524.  For the reasons that follow, the Court grants the Debtors' Motion to Reopen.

**FACTS**

On June 10, 2013, the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

On Schedule F of their petition, the Debtors scheduled "Garden State OMS, Aa Actn Coll, 571 S. Livingston Ave., Livingston, NJ 07039" as a creditor of the Debtor Wife with a claim for $248.00.

On June 11, 2013, David Wolff was appointed the Chapter 7 Trustee ("Trustee").

On September 20, 2013, the Court issued a *Discharge of Debtor* ("Discharge Order") for both Debtors.

On May 16, 2014, the Trustee issued a *Report of No Distribution*.

On June 18, 2014, the bankruptcy case was closed.

On April 30, 2015, the Debtors, through counsel, filed the Motion to Reopen alleging OMS and the Law Firm violated the discharge injunction provided by Bankruptcy Code Section 524 by attempting to collect a discharged debt.  The Debtors paid the filing fee to reopen the case.

In support of the Motion to Reopen, the Debtors certified that in December 2014, the Law Firm initiated an action in State Court against the Debtor Wife on account of a pre-petition, scheduled debt ("State Court Action").  The Debtors attached a copy of the State Court Summons and Complaint to the Motion to Reopen.  The Summons and Complaint reflect that the

Page 3
August 18, 2015

Law Firm incorrectly spelled the Debtor Wife's name as "Marela" instead of "Mariella." The Complaint seeks the recovery of $282.74, representing a debt of $248.32 plus filing fees and attorney fees.

The Debtors also certified that upon receipt of the State Court Summons and Complaint, the Debtor Husband contacted the Law Firm to advise of the discharge and an individual at the Law Firm called the Debtors back to advise that the matter would be dismissed. The Debtors attach phone records from December 11, 2014 showing an "inbound" and "outbound" call to a phone number matching that on the Law Firm's letterhead.

However, the Debtors subsequently discovered that as late as February 15, 2015, the action in the State Court was continuing after the Debtor Wife checked her credit report. In support, the Debtors attach documents filed by the Law Firm in the State Court on January 28, 2015 and February 12, 2015.

In response to the Motion to Reopen, the Law Firm filed, on behalf of itself and OMS, a *Letter Brief* in Opposition to the Motion to Reopen ("Opposition"). In support of the Opposition is a Certification of Counsel. Counsel offers several reasons why the Law Firm was unable to ascertain that the Debtor Wife was in bankruptcy: (1) the Debtor Wife's name on the medical intake form is "Mariella Nunez" while the name on the bankruptcy petition is "Mariella Nunez-Andrade"; (2) OMS supplied the Law Office with an invoice that misspelled the Debtor Wife's name as "Marela"; and (3) OMS supplied the Law Office with an incorrect social security number for the Debtor Wife.

Page 4
August 18, 2015

On May 26, 2015, the Court held a hearing on the Motion to Reopen. At that time, counsel for the Debtors represented that in addition to calling the Law Firm to advise of the bankruptcy and the Debtors' discharge, the Debtors also emailed the Law Firm with a copy of the Discharge Order on December 11, 2014. Counsel for the Debtors was unable to provide a copy of the email and the Law Firm denied that the email contained a copy of the Discharge Order. Accordingly, the Court reserved ruling on the Motion to Reopen to allow Debtors' counsel to submit proof that the Debtors emailed the Law Firm with the Discharge Order.

On June 3, 2015, Debtors' counsel filed a Supplemental Letter attaching a December 11, 2014 email from the Debtors to the Law Firm attaching a copy of the Notice of Discharge.

**DISCUSSION**

Under Section 524 of the Bankruptcy Code, a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Unlike a violation of the automatic stay under Section 362, a violation of the discharge injunction does not provide a private right of action for damages. *See Joubert v. ABN Mortg. Group, Inc.* (*In re Joubert*), 411 F.3d 452, 456 (3d Cir. 2005). "Instead, courts use their inherent civil contempt power under section 105 to provide a remedy for violations of the discharge injunction." *In re Anderson*, 348 B.R. 652, 661 (Bankr. D. Del. 2006), *citing In re Meyers*, 344 B.R. 61, 64-65 (Bankr. E.D. Pa. 2006); *see also In re Browne*, 358 B.R. 139, 142 (Bankr. D.N.J. 2006) ("The court has the authority to enforce

Page 5
August 18, 2015

the debtor's discharge by use of contempt, injunctions, sanctions, fines and awards of attorneys fees.").

"To find a violation of the discharge injunction, clear and convincing evidence must show (1) a valid order of the court existed; (2) the defendant has knowledge of the order; and (3) the defendant disobeyed the order." *In re Lienhard*, 496 B.R. 443, 453 (Bankr. M.D. Pa. 2013)(further citations omitted); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 331 (Bankr. D. Del. 1999)("'In order to be found in civil contempt, the offending party must have knowingly and willfully violated a definite and specific court order.'").

Here, the Debtors scheduled OMS as a creditor on Schedule F of their petition. The Court entered the Discharge Order on September 20, 2013. On or about November 10, 2014, the Law Firm initiated the State Court Action on account of the debt to OMS. Thereafter, on December 11, 2014, the Debtors called the Law Firm to advise of the Discharge Order and emailed counsel with a copy of same. The Law Firm denies knowledge of the Discharge Order and offers various reasons why it was unable to ascertain that the Debtor Wife was in bankruptcy. However, the evidence provided by the Debtors clearly shows the Debtors gave the Law Firm a copy of the Discharge Order. Despite the Debtors' efforts to stop prosecution, the Law Firm pursued the State Court Action.

Accordingly, the Debtors, through counsel, filed the Motion to Reopen seeking legal fees, costs and sanctions. It was not necessary for the Debtors to pay the filing fee to reopen to pursue a discharge violation action.

Page 6
August 18, 2015

## **CONCLUSION**

The Motion to Reopen is granted and the Court will issue an Order: finding OMS and the Law Firm violated the discharge injunction; enjoining OMS and the Law Firm from making further attempts to collect any pre-petition money owed by the Debtors to OMS; directing OMS and the Law Firm to vacate any judgments entered in the State Court Action; awarding Fitzgerald & Associates, P.C. $800.00 in legal fees; awarding the Debtors $500.00 in damages; and directing the Clerk of the Court to refund the Debtors the filing fee to reopen.

An Order in Conformance with this Opinion has been entered by the Court and is attached hereto.

Very truly yours,

*s/ John K. Sherwood*

JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Enclosure